Record/FILE ON DEMAND                    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405530109355047576237

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Nelson L. Bruce,<br><br>      Plaintiff,<br><br>v.<br><br>TELUS International (U.S.) Corp.<br><br>      Defendants. | Case No.: 2:24-cv-01157-CDS-NJK<br><br>**PLAINTIFF'S AMENDED PETITION TO COMPEL DISCOVERY FROM TELUS INTERNATIONAL (U.S.) CORP., NOTICE OF MISCELLANEOUS FILING** |

Pursuant to **Fed. R. Civ. P. 37**, Plaintiff **Nelson L. Bruce,** hereby petitions this court by filing an amended petition for an order compelling Non-party to the South Carolina Case 2:22-cv-01292-BHH-MGB, TELUS International (U.S.) Corp. to respond to and produce documents related to plaintiff's subpoena served upon them on 12-7-2023. This court is receiving this filing because the parties' principle place of business is located in this Jurisdiction as I am located in the state of South Carolina.

## TABLE OF CONTENTS

I. Jurisdictional Statement   Miscellaneous
II. Introduction
III. Constitutional Challenge
IV. Statement of Claim
V. Historical Background
VI. Petitioned Relief Request
VII. Summarization
VIII. Certificate and Verification

2:24-ms-00079

## TABLE OF AUTHORITIES

1. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers,* 357 U.S. 197 (1958)

2. *Hickman v. Taylor,* 329 U.S. 495 (1947)

3. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)

4. *In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006)

5. *McPhaul v. United States*, 364 U.S. 372 (1960)

6. *Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006)

7. *U.S. v. Powell*, 379 U.S. 48 (1964)

8. *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB*, 459 F.2d 1329 (D.C. Cir. 1972)

9. *Hollingsworth v. Perry*, 558 U.S. 183 (2010)

I. **JURISDICTIONAL STATEMENT**

1. This court has jurisdiction under Rule 37 of the Federal Rules of Civil Procedure, which allows a party to petition the court to compel discovery when a non-party fails to comply with a properly served subpoena. ***See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958).**

1. The plaintiff's subpoena was served within the jurisdiction of the U.S. District Court for the District of Nevada, as the principal place of business of TELUS International (U.S.) Corp. is located at 2251 South Decatur Boulevard Las Vegas, NV 89102, within this court's geographical area.

2. The plaintiff resides in South Carolina, but this court is the proper venue for seeking relief against a non-party residing or conducting business in Las Vegas, NV.

3. The underlying case, *REV FEDERAL CREDIT UNION, et al.* case number 22-cv-01292, is pending in the District of South Carolina; however, enforcement of subpoenas against non-parties falls under the jurisdiction of the court where the non-party is located. ***See McPhaul v. United States*, 364 U.S. 372 (1960).**

4. The subpoena at issue was granted by the District Court for the District of South Carolina on 12-1-2023 (ECF No. 96), and served by United States Postal Service signature confirmation on TELUS International (U.S.) Corp. on 12-7-2023, at 2251 South Decatur Boulevard Las Vegas, NV 89102.

5. This court has jurisdiction over miscellaneous filings related to subpoenas issued to non-parties within this district.

6. The petition seeks relief consistent with Federal law and procedural rules governing discovery compliance in federal civil litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947).

## II. INTRODUCTION

1. Plaintiff, Nelson L. Bruce, Sui Juris, presents this petition to compel discovery from non-party TELUS International (U.S.) Corp. on 12-1-2023 (ECF No. 96).

2. Plaintiff seeks to enforce compliance with a subpoena duly issued by the U.S. District Court for the District of South Carolina and served by United States Postal Service signature confirmation on 12-7-2023.

3. The subpoena was served at 2251 South Decatur Boulevard, Las Vegas, NV 89102 under Priority Mail Express No.: EI 597 357 278 US signature required. Despite being served, TELUS International (U.S.) Corp. has failed to produce the requested documents and therefore has failed to respond to the petitioners subpoena.. *See Armstrong v. Guccione*, **470 F.3d 89 (2d Cir. 2006)** (failure to respond to a subpoena warrants judicial intervention).

4. Plaintiff made multiple good-faith unsuccessful attempts to communicate with TELUS International (U.S.) Corp. to resolve the matter without court intervention.

5. This petition is filed as a result of TELUS International (U.S.) Corp. failure to respond, which has hindered the discovery process.

6. Plaintiff moves this court to compel TELUS International (U.S.) Corp. to respond to the subpoena and produce the requested documents within 10 days of the court's order. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (court compelled production of documents after non-compliance with a subpoena).

7. Plaintiff also seeks sanctions for TELUS International (U.S.) Corp.'s failure to respond, as detailed in this petition.

## III. CONSTITUTIONAL CHALLENGE

1. Plaintiff asserts that the right to petition is a fundamental constitutional right, which cannot be waived or disregarded by the court. *See Hollingsworth v. Perry*, 558 U.S. 183 (2010).

2. Plaintiff's right to seek court intervention for enforcement of discovery is an essential component of due process. *See U.S. v. Powell*, 379 U.S. 48 (1964).

3. The failure of TELUS International (U.S.) Corp. to comply with a lawfully issued subpoena impedes the plaintiff's access to the judicial process, infringing upon rights guaranteed by the First and Fifth Amendments.

4. The court's authority to compel discovery is aligned with its duty to uphold the fundamental rights of petitioners seeking lawful redress. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB*, 459 F.2d 1329 (D.C. Cir. 1972).

5. Plaintiff requests that the court issue sanctions as a remedy for TELUS International (U.S.) Corp.'s disregard of the plaintiff's constitutional rights.

6. A lack of action would undermine the efficacy of the subpoena process and deny the plaintiff equal protection under the law.

7. By compelling compliance, the court reaffirms its commitment to uphold the petitioner's constitutional rights.

IV. **STATEMENT OF CLAIM**

1. On 12-1-2023, the U.S. District Court for the District of South Carolina granted plaintiff's subpoena against Telus (ECF No. 96).

2. On 12-7-2023, non-party Telus was served via the United States Postal Service signature confirmation with plaintiff's subpoena (see…Exhibit 7). *See In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006) (subpoenas must be honored or judicial enforcement may follow).

3. As of the date of this filing, plaintiff has not received any responses from Telus. Plaintiff has Googled Telus and have been unsuccessful in reaching them by phone.

4. The lack of response has caused delays and additional expenses, which plaintiff seeks to recover through sanctions. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (sanctions appropriate for failure to respond to discovery).

5. Plaintiff now seeks court intervention to compel Telus to produce the requested documents and requests sanctions for Telus's failure to respond.

V. **HISTORICAL BACKGROUND**

On or about 11-30-2023, Plaintiff filed a motion requesting for subpoenas to be issued to non-party, TELUS International (U.S.) Corp. ("Telus""), See…ECF No. 95. On 12-1-2023, this court granted plaintiff's Motion for Issuance of Subpoena and directed the Clerk of Court to issue the subpoenas and mailed out the subpoenas to plaintiff (See…ECF No. 96 which is incorporated by reference). On 12-7-2023, non-party Telus was served via the United States Postal Service signature confirmation with plaintiff's subpoena (see…ECF No. 1 which is hereby incorporated by reference, Exhibit 7). As of the date of this filing, plaintiff has not received any responses from

Telus. Plaintiff has Googled Telus and have been unsuccessful in reaching them by phone. Telus has had plenty of time to respond and appears to have refused to and therefore plaintiff requests for an order compelling Telus to respond to plaintiff's subpoena and produce the documents of information requested and if this court deems fit, sanctions against Telus.

VI. **PETITIONED RELIEF REQUEST**

1. Plaintiff requests that this court compel Telus to comply with the subpoena and produce the requested documents within 10 days of the court's order.
2. Plaintiff seeks recovery of all costs associated with this case, and all mailing fees to this court and South Carolina Court related to status reports and any mailings to any parties associated with this case, and $200 per document that plaintiff has had to take time to draft and file in this court to address this matter as a result of Telus's failure to respond to the subpoena and any other damages caused by their failure to respond to the subpoena.
3. Plaintiff also requests any additional damages resulting from Telus's failure to comply, as determined by the court.
4. The failure to respond to the subpoena has caused unnecessary delays in the litigation process, warranting sanctions.
5. Sanctions should be issued in the form of fines or other appropriate penalties as deemed fit by the court. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (imposing sanctions for discovery violations).
6. The requested relief is necessary to prevent further obstruction of the discovery process.
7. Plaintiff's right to petition for this relief is absolute, and the court's intervention is required to enforce compliance.

VII. **SUMMARIZATION**

1. Plaintiff has complied with all procedural requirements to obtain the requested discovery from Telus.

2. Telus's failure to respond to the subpoena necessitates court intervention to compel compliance.

3. Plaintiff has made good-faith efforts to resolve the matter without court involvement.

4. The relief requested is both reasonable and necessary to ensure the integrity of the discovery process.

5. Plaintiff's petition is made in accordance with Rule 37 of the Federal Rules of Civil Procedure. *See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958).

6. The requested sanctions are appropriate given the circumstances.

7. Plaintiff respectfully petitions this court to issue an order compelling Telus's compliance and awarding sanctions as requested.

## VIII. CERTIFICATE AND VERIFICATION

I, Nelson L. Bruce, hereby certify that I have in good faith attempted to resolve this matter with Telus without the court's intervention and have been unsuccessful. I declare that the facts presented in this petition are true and correct to the best of my knowledge and belief. **Dated this 12th day of October, 2024.**

**RESPECTFULLY PRESENTED,**

*Nelson L. Bruce*
_____
Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "With Prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

Nelson L. Bruce )
)
)
)
Plaintiff(s) )
v. ) Civil Action No. 2:24-cv-01157-CDS-NJK
TELUS International (U.S.) Corp. )
)
)
)
Defendant(s) )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* TELUS International (U.S.) Corp.
2251 South Decatur Boulevard
Las Vegas, NV 89102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Nelson L. Bruce
c/o P.O. Box 3345
Summerville, SC 29484

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:24-cv-01157-CDS-NJK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: